```
                    UNITED STATES BANKRUPTCY COURT
                     NORTHERN DISTRICT OF GEORGIA
                            ROME DIVISION

IN RE: DANIEL SALAZAR AND          {   CHAPTER 13
       REBECCA JO SALAZAR,         {
                                   {
       DEBTOR(S)                   {   CASE NO. R19-40682-PWB
                                   {
                                   {   JUDGE BONAPFEL
```

**OBJECTION TO CONFIRMATION**

     COMES NOW MARY IDA TOWNSON, TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

    1. The Debtor(s)' payments under the proposed plan are not current.

    2. The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

    3. The Debtor has not filed copies of all payment advices or other evidence of payments received within sixty (60) days before the date of the filing of the petition as required by 11 U.S.C. §521(a)(1)(B)(iv) and Rule 1007(b)(1)(E) F.R. Bankr. P.

    4. The proposed plan fails to provide for the treatment of Republic Finance. However, said creditor has filed a secured claim.

    5. The Chapter 13 Plan fails to provide for the appropriate pool of funds or dividend to the unsecured creditors, as required by 11 U.S.C. Section 1325(b)(1)(B). Specifically, the 22C Form reflects disposable income of $177.01, thus necessitating an unsecured pool of $10,620.60.

    6. The Chapter 13 plan fails to provide for an increase in payments when a retirement savings loan ends in approximately two (2) years, thereby indicating a lack of good faith. 11 U.S.C. Section 1325(a)(3).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
albertg@atlch13tt.com

7. The Chapter 13 Plan is not feasible as the sum of the equal monthly payments to creditors is greater than the monthly plan payment, in violation of 11 U.S.C. Section 1325(a)(6).

8. The Form 122C-2 appears to claim an incorrect amount for line item 13(e).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's (s') Plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

_____/s/_____
Albert C. Guthrie, Attorney
for Chapter 13 Trustee
GA Bar No. 142399

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 - 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
albertg@atlch13tt.com

R19-40682-PWB

**CERTIFICATE OF SERVICE**

     This is to certify that on this day I caused a copy of the foregoing pleading to be served via United States First Class Mail, with adequate postage thereon, on the following parties at the address shown for each:

DEBTOR(S):

DANIEL SALAZAR
1414 PAMELA DRIVE
TUNNEL HILL, GA 30755-9616

REBECCA JO SALAZAR
1414 PAMELA DRIVE
TUNNEL HILL, GA 30755-9616

I further certify that I have on this day electronically filed the pleading using the Bankruptcy Court's Electronic Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

SAEGER & ASSOCIATES, LLC

This 3rd day of May 2019


_____/s/_____
Albert C. Guthrie, Attorney
State Bar No. 142399




Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA  30303-1740
(404) 525-1110
albertg@atlch13tt.com